HERMANN STAMM, Respondent, *v.* F. KUHLMANN, Appellant.

### February 28, 1876.

In a suit for breach of warranty of soundness, in the sale of a horse, it must be shown that the disease existed at the date of the sale.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Samuel Erskine*, for appellant, cited: Story on Sales, secs. 362, 363 ; Woodbury *v.* Robbins, 10 Cush. (Mass.) 520 ;

Thompson *v.* Ashton, 14 Johns. 316; Bailey *v.* Forrest, 2 C. & K. 131 (Cresswell); Eaves *v.* Dixon, 2 Taun. 343; Cramer *v.* Bradshaw, 10 Johns. 343; Lindley *v.* Davis, 30 Mo. 406; Stephens *v.* Chappell, 3 Strobh. (S. C.) 80.

*J. H. Mincke*, for respondent.

BAKEWELL, J., delivered the opinion of the court.

This case was originally tried before a justice of the peace. On appeal, it was tried anew in the Circuit Court, where there was a verdict and judgment for the plaintiff. Defendant filed his motion for a new trial, which being overruled, defendant having duly excepted, the case is brought to this court by appeal.

It appears that defendant, on March 21, 1872, sold to plaintiff a horse which he warranted, in writing, to be sound at that date. Plaintiff says that the horse was not then sound, and that he died, April 23, 1872, of a disease which he had at the date of the sale; and he claims damages, $135, being the price paid for the horse and the money expended in attempting to cure him.

At the close of plaintiff's case defendant asked an instruction that, on the evidence, the plaintiff is not entitled to recover, which was refused. The only question in the case is whether there is any testimony to sustain the verdict.

To enable plaintiff to recover, he must show that the horse was diseased when sold. This he totally failed to do. The evidence was that the horse died of pneumonia, about twenty-eight days after the sale; but there was not a word as to his being diseased when sold. The testimony of plaintiff's witnesses, as to the disease of the horse, is the statement of plaintiff that the horse took sick and died after plaintiff had had him twenty-eight days, and that of Edward Scheele, a veterinary surgeon, who swears that the horse died of pneumonia, or dropsy of the chest, and that witness made an autopsy of the horse, and one of his lungs was gone. Plaintiff then rested his case. On behalf of

·defendant, the defendant swore that the horse was sound when sold, and this statement was fully corroborated by four witnesses, who also testified that the horse was sound, and worked well, a week or so after the sale.

The medical expert was not asked as to the shortest time within which a healthy lung might be destroyed by disease ; and, in the absence of testimony, the jury had no right to infer from that fact alone that a horse that died of pneumonia, with one lung gone on April 23d, must necessarily have been diseased on March 21st. The existence of disease at the time of the sale is an essential fact in this case, and it must be shown before a recovery can be had.

The court below erred in refusing the instruction asked by defendant. There was no evidence whatever to go to the jury. The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.